IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. RAUL T. GARCIA

### Direct Appeal from the Criminal Court for Greene County
No. 00-CR-080     James Edward Beckner, Judge

### No. E2000-02817-CCA-R3-CD
### July 31, 2001

A Greene County jury convicted the Defendant of reckless aggravated assault, a Class D felony, and the trial court sentenced the Defendant as a Range I, standard offender to four years in the Tennessee Department of Correction. The Defendant now appeals, challenging the sufficiency of the evidence and the propriety of the sentence imposed by the trial court. After a careful review of the record, we conclude that the evidence is sufficient to support the conviction and that the sentence is proper. Accordingly, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Michael A. Walcher, Morristown, Tennessee, for the Appellant, Raul T. Garcia.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Cecil Clayton Mills, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant was indicted by the Greene County Grand Jury on September 5, 2000 for the offense of aggravated assault, a Class C felony. The indictment alleged that the Defendant knowingly caused serious bodily injury to Kenneth Sizemore by striking him with a garden hoe. The Defendant was tried by a jury of his peers on September 28, 2000 and was found guilty of the lesser-included offense of reckless aggravated assault. On appeal, the Defendant argues that the evidence was insufficient to support the conviction and that the jury should have found him not guilty because he acted in self-defense. The Defendant also argues that the trial court improperly sentenced him to four years in the Tennessee Department of Correction, specifically arguing that the trial court improperly applied one enhancing factor (the use of a deadly weapon) and that the trial court improperly rejected all of the Defendant's proposed mitigating factors. Further, the Defendant

argues on appeal that the trial court erred in failing to impose a sentence other than incarceration. Concluding that the evidence is sufficient to support the conviction and that the trial court properly sentenced the Defendant, we affirm the judgment of the trial court.

## I. FACTS

On Sunday, June 18, 2000, the incident resulting in the Defendant's conviction occurred at the Cross Anchor trailer park in Greeneville, Tennessee. The victim, Kenneth Sizemore, lived in a trailer next to the trailer in which Regina Absher lived. Ms. Absher, at that time and at the time of trial, was the girlfriend of the Defendant. According to Ms. Absher, the Defendant came home under the influence of alcohol and became physically abusive towards her. Apparently hearing Ms. Absher's cries for help, Mr. Sizemore came to Ms. Absher's trailer door. Ms. Absher managed at that moment to break free from the Defendant and rush out of the trailer, knocking Mr. Sizemore off the porch. Ms. Absher then saw the Defendant obtain a garden hoe and begin swinging it at Mr. Sizemore.

Mr. Sizemore testified that he was almost asleep when he heard someone yelling, "[H]elp, help, Kenny. He's killing me." When Mr. Sizemore went to the aid of Ms. Absher, the Defendant turned Ms. Absher loose; looked at Mr. Sizemore; came down the steps of the trailer, saying, "I'll kill you white boy"; grabbed the hoe; and started swinging the hoe around "like some kind of martial arts." Mr. Sizemore testified that as he backed up to keep from being hit, the Defendant struck him in the left hand with the hoe. As Mr. Sizemore walked back toward his trailer, the Defendant swung the hoe, and Mr. Sizemore raised his right hand up "to keep him from striking me any . . . you know, in the side of the head, and it struck my right hand." Mr. Sizemore went into his trailer to get away from the Defendant and wrapped his wrist in a towel because of "severe bleeding." Mr. Sizemore testified that the Defendant struck his trailer door two or three times with the hoe after Mr. Sizemore had entered his trailer. Mr. Sizemore further testified that his injuries required extensive surgery, for which he ultimately was flown to Jewish Hospital in Louisville, Kentucky. At the time of the trial, Mr. Sizemore testified that the use of his right hand was "extremely limited."

Dr. Donald Hanson testified that he was an independent contractor employed at Laughlin Emergency Room, Laughlin Memorial Hospital, and that he treated Mr. Sizemore for the injuries that he sustained in this incident. Dr. Hanson found that Mr. Sizemore had a tendon laceration on the back of his left index finger and severe lacerations in the wrist of the right hand. He further testified that Mr. Sizemore had no use of his right thumb, index finger, or middle finger, although Mr. Sizemore had touch sensation that was intact to the index finger. Dr. Hanson referred Mr. Sizemore to the Jewish Hospital in Louisville, Kentucky for further treatment. Dr. Hanson testified that Mr. Sizemore volunteered to him that he had had three to five beers the afternoon before the incident. He testified that Mr. Sizemore exhibited no effects from the alcohol and that Mr. Sizemore was alert, cooperative to the examination and treatment, and in no way combative, disruptive, or otherwise belligerent to the treatment.

The Defendant testified that Ms. Absher became upset with him when she noticed that he "had drunk a little bit." According to the Defendant, Ms. Absher starting arguing with him and started to throw "all the things she found on the coffee table at [him]." The Defendant testified that he tried to calm Ms. Absher down, but she opened the door and ran outside. As the Defendant followed her, the two of them encountered "Mr. Kenny coming around the corner with a stick in his hand. The stick looked like a two-by-four." The Defendant testified that Mr. Sizemore came towards him with the stick and started swinging it at him. He claimed that Mr. Sizemore hit him "two or three, maybe even four, times." The Defendant explained that he picked up the hoe to defend himself from Mr. Sizemore's attack with the two-by-four. The Defendant testified that Mr. Sizemore fell down during their "fight," at which time the Defendant remembered having kicked Mr. Sizemore two or three times. According to the Defendant, Mr. Sizemore then got up and went running inside the trailer. The Defendant testified that he went behind Mr. Sizemore to "make sure he was going inside of the trailer and wouldn't come back out."

Although Ms. Absher testified that she did see Mr. Sizemore with a two-by-four, she admitted that she had never mentioned in any of her previous statements that the victim had a two-by-four. Mr. Sizemore denied having a two-by-four. Ms. Absher testified that she saw the Defendant swing the hoe at the victim, although she did not see the actual striking of the victim with the hoe. She also denied making a previous statement that the Defendant swung the hoe at both Sizemore and her. She testified that Sizemore was drunk when he came to her trailer.

## II. ANALYSIS

### A. Sufficiency of the Evidence

The Defendant was charged with committing a knowing aggravated assault against Kenneth Sizemore, and he was convicted of the lesser-included offense of reckless aggravated assault. Thus, the State was required to prove beyond a reasonable doubt that the Defendant recklessly caused serious bodily injury to the victim. See Tenn. Code Ann. § 39-13-102(a)(2)(A).

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), overruled on other grounds, State v. Hooper, 29 S.W.3d 1 (Tenn. 2000).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956); State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999). Questions

concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

In this case, the evidence, taken in the light most favorable to the State, clearly supports the finding by the jury that the Defendant committed a reckless aggravated assault against Kenneth Sizemore. "Serious bodily injury" is defined as bodily injury which involves: (A) a substantial risk of death; (B) protracted unconsciousness; (C) extreme physical pain; (D) protracted or obvious disfigurement; or (E) protracted loss or substantial impairment of a function of a bodily member, organ or mental faculty. Tenn. Code Ann. § 39-11-106(a)(34). The testimony of the victim and Dr. Donald Hanson supports the finding by the jury that Mr. Sizemore suffered serious bodily injury. Also, there is clearly sufficient evidence from which a rational trier of fact could conclude, as did the jury in this case, that the serious bodily injury was inflicted upon Mr. Sizemore by the Defendant. The jury determined that the Defendant acted recklessly rather than knowingly, and thus convicted the Defendant of a Class D reckless aggravated assault rather than a Class C knowing aggravated assault. The jury was instructed on the issue of self-defense and obviously rejected the Defendant's claim of self-defense. The Defendant's argument that the evidence is insufficient to support his conviction in this case is without merit.

## B. Sentencing

The trial court sentenced the Defendant to four years incarceration with the Tennessee Department of Correction. The Defendant contests the length of his sentence and the trial court's denial of alternative sentencing.

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to

sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

Reckless aggravated assault is a Class D felony. Tenn. Code Ann. § 39-13-102(d). The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

In this case, the trial court followed the statutory sentencing procedure and considered the sentencing principles and all relevant facts and circumstances. Therefore, our review is de novo with a presumption that the determinations made by the trial court are correct.

The Defendant first contests the length of his sentence. The sentencing range for a Range I, standard offender convicted of a Class D felony is between two and four years. Tenn. Code Ann. § 40-35-112(a)(4). In sentencing the Defendant, the trial court applied enhancement factor (1), that "[t]he [D]efendant has a previous history of criminal convictions or criminal behavior" and enhancement factor (9), that "[t]he [D]efendant possessed or employed a . . . deadly weapon during the commission of the offense . . . ." Tenn. Code Ann. § 40-35-114(1), (9).

It is important to note that the possession or employment of a deadly weapon was not an element of the reckless aggravated assault for which the Defendant was convicted. As indicted, the "aggravation" of the assault was the alleged serious bodily injury to Kenneth Sizemore. Therefore, the trial court correctly enhanced the Defendant's sentence based upon the use of the garden hoe as a deadly weapon.

With regard to the Defendant's prior criminal convictions or criminal behavior, the trial court noted a "1997 conviction for driving under the influence in Greene County, a February 23 of 2000 conviction for driving without a license, and a February 25 of 2000 conviction for public intoxication." The Defendant does not contest the trial court's application of this enhancement factor.

The trial court carefully considered possible mitigating factors. The trial court rejected the Defendant's assertion that he had acted under strong provocation. Likewise, the trial court rejected the Defendant's assertion that substantial grounds existed which tended to excuse or justify the Defendant's criminal conduct. Finally, the trial court rejected, under the particular circumstances of this case, the proposition that the Defendant's difficulty with the English language or the Defendant's difficulty in understanding the "customs of the country" as mitigating factors in this case. The trial court found no other mitigating factors. Because we conclude that the trial court properly applied two enhancement factors and found no mitigating factors, the sentence of four years is justified in this case.

Finally, the Defendant argues that he should have received some form of alternative sentencing. With regard to alternative sentencing, the trial court stated the following:

> I do not believe that alternative sentencing or probation is an appropriate sentence by this court for several reasons, one, that this is a crime of violence to the person in which serious bodily injury was caused; because there has been a prior record; because there's been a history of alcohol abuse and alcohol is involved in this offense; because of deterrence consideration. This is basically a domestic dispute, and it seems that more and more, and more and more, and more and more that we're having people attempting to solve all their domestic disputes by violence. Also, it appears to be a very irregular or poor employment history.

Tennessee Code Annotated § 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a

favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The Defendant, as a standard offender convicted of Class D felony, is presumed to be a favorable candidate for alternative sentencing.

However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).

We conclude that in this case, confinement is necessary "to avoid depreciating the seriousness of the offense." Tenn. Code Ann. § 40-35-103(1)(B). The Defendant engaged in a vicious and violent attack upon the victim and caused the victim to suffer extremely serious bodily injuries, requiring extensive medical treatment. Also, although relatively minor in nature, the Defendant's prior criminal record indicates that measures less restrictive than confinement were recently applied unsuccessfully to the Defendant. Despite being convicted of driving under the influence and public intoxication, the Defendant apparently continued to abuse alcohol, which contributed to the facts and circumstances of this case. This pattern of continued abuse of alcohol does not indicate a positive potential for the rehabilitation of the Defendant. For these reasons, we conclude that the trial court properly sentenced the Defendant to four years in the Tennessee Department of Correction.

Accordingly, we AFFIRM the judgment of the trial court.[1]

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1]The State points out in a footnote on page two of its brief that the judgment in this case cites Tennessee Code Annotated § 39-13-101 when it should cite Tennessee Code Annotated § 39-13-102. We respectfully direct the trial court to enter an amended judgment to correct this error.